The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRIAN C. CARTMELL, an individual, and as attorney-in-fact and agent acting on behalf of the shareholder REPRESENTATIVE for the former eNIC Corporation shareholders,<br><br>               Plaintiff,<br><br>v.<br><br>VERISIGN, INC., a Delaware corporation,<br><br>               Defendant. | NO. CV02-2411C<br><br>**CHRISTMAS ISLAND INTERNET ADMINISTRATION LTD.'S REPLY TO VERISIGN'S OPPOSITION TO MOTION TO INTERVENE WITH SUBJOINED CERTIFICATE OF SERVICE**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>May 6, 2005 |

With all reservations regarding personal jurisdiction set forth in its Motion to Intervene, Christmas Island Internet Administration Ltd. ("CI Internet Admin.") files this Reply to VeriSign, Inc.'s Opposition to the Motion to Intervene.

CHRISTMAS ISLAND INTERNET ADMINISTRATION LTD.'S REPLY TO VERISIGN'S OPPOSITION TO MOTION TO INTERVENE WITH SUBJOINED CERTIFICATE OF SERVICE
CAUSE NO. CV02-24111C
Page 1 of 6

BLANK LAW & TECHNOLOGY P.S.
2001 Western Avenue, Suite 250
Seattle, WA 98121
Phone: (206) 256-9699
Fax: (206) 256-9899

The standard for reviewing the inadequacy of representation element in a motion to intervene is lower than the standard suggested by VeriSign's Opposition. The intervenor applicant is only required to make a minimal showing that the current attorneys might be inadequate. In *People of the State of California, v. The Tahoe Regional Planning Agency*, 792 F.2d 775 (9th Cir. 1986), the Ninth Circuit Court of Appeals stated:

> In determining adequacy of representation, we consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Sagebrush Rebellion*, 713 F.2d at 528; *County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th Cir.1980). <u>The applicant is required only to make a minimal showing that representation of its interests may be inadequate.</u> *Stringfellow*, 783 F.2d at 827.

(Emphasis added).

Here, CI Internet Admin. asserts that all of the information and documents requested in the March 8th Subpoena to N&N are privileged and not discoverable. (Miller Decl. ¶ 8). CI Internet Admin. should be allowed to explain why its attorneys should not be deposed regarding CI Internet Admin.'s dealings. CI Internet Admin. should also be given the chance to explain why it would be improper for its attorneys to produce documents in discovery in this lawsuit.

N&N is no longer in a position now to present all of CI Internet Admin.'s arguments on this issue. Given the precarious situation N&N finds itself in with respect to its obligations to CI Internet Admin., and its potential obligation to subject

CHRISTMAS ISLAND INTERNET ADMINISTRATION
LTD.'S REPLY TO VERISIGN'S OPPOSITION TO
MOTION TO INTERVENE WITH SUBJOINED
CERTIFICATE OF SERVICE
CAUSE NO. CV02-24111C
Page 2 of 6

BLANK LAW & TECHNOLOGY P.S.
2001 Western Avenue, Suite 250
Seattle, WA 98121
Phone: (206) 256-9699
Fax: (206) 256-9899

itself to discovery in this case, CI Internet Admin. cannot engage in candid discussions with N&N regarding why it believes the documents and information sought are privileged or non-discoverable under the attorney client privilege or RPC 1.6(a). CI Internet Admin. would feel uneasy about engaging in candid communications with its N&N attorneys at this time because these attorneys might be deposed. The threat of discovery from CI Internet Admin.'s attorneys has impacted the ability and desire of the client to speak candidly to N&N. This should satisfy the inadequacy of representation element.

VeriSign complains loudly about the prospect of having to use the more laborious and expensive process of going through the international channels to obtain discovery directly from CI Internet Admin. VeriSign's complaints are unjustified. There is a perfectly good reason why the Court should require VeriSign to go through these channels in this case: doing so protects the attorney client privilege and the ability of clients to reveal their RPC 1.6(a) "secrets" and "confidences" to their attorneys. For example, the very fact that CI Internet Admin. sent a draft letter to N&N for review and comment is itself a confidential and privileged communication under the attorney client privilege and RPC 1.6(a). The attorney client privilege would apply to the draft sent to the attorney even if the final letter was later posted on the Internet. This is true even if the final letter was exactly the same as the draft. The very disclosure of the existence of such documents within N&N files would reveal CI Internet Admin.'s privileged information under the attorney client privilege and CI

CHRISTMAS ISLAND INTERNET ADMINISTRATION
LTD.'S REPLY TO VERISIGN'S OPPOSITION TO
MOTION TO INTERVENE WITH SUBJOINED
CERTIFICATE OF SERVICE
CAUSE NO. CV02-24111C
Page 3 of 6

BLANK LAW & TECHNOLOGY P.S.
2001 Western Avenue, Suite 250
Seattle, WA 98121
Phone: (206) 256-9699
Fax: (206) 256-9899

Internet Admin.'s "secrets" and "confidences" under RPC 1.6(a). Surely these documents and information regarding CI Internet Admin.'s desire for N&N's advice on the documents cannot be obtained from CI Internet Admin.'s attorneys in discovery in this case.

The absurdity of VeriSign's arguments in support of the discovery it directed at opposing counsel, who just "happens" to also represent CI Internet Admin., is evident when one considers that CI Internet Admin. would be able to remove from production these consultative drafts it sent to N&N for review and comment that VeriSign seeks to obtain from N&N in discovery. The final versions of all these documents are available on the Internet (*Decl. of Alan Feal in Support of Plaintiff's Opposition to Motion for Order Compelling Compliance with Subpoena to Newman & Newman* ¶¶ 9-13); there is no justifiable reason for allowing VeriSign to obtain this discovery from N&N.

Finally, CI Internet Admin. does not understand why VeriSign is seeking this discovery. During a conference call, Mr. Derek Newman informed counsel for VeriSign that documents and information sought by the March 8th Subpoena to N&N

/

/

/

/

/

CHRISTMAS ISLAND INTERNET ADMINISTRATION
LTD.'S REPLY TO VERISIGN'S OPPOSITION TO
MOTION TO INTERVENE WITH SUBJOINED
CERTIFICATE OF SERVICE
CAUSE NO. CV02-24111C
Page 4 of 6

BLANK LAW & TECHNOLOGY P.S.
2001 Western Avenue, Suite 250
Seattle, WA 98121
Phone: (206) 256-9699
Fax: (206) 256-9899

were not relevant and were not discoverable. (Walters Decl. ¶ 6). CI Internet Admin. respectfully asks that the Court permit it to intervene in this action for the limited purpose of objecting the March 8th Subpoena to N&N and asking that it be quashed.

DATED this 5th day of May, 2005.

BLANK LAW & TECHNOLOGY P.S.

/s/ Mark D. Walters
Mark D. Walters, WSBA 25537
Wright A. Noel, WSBA 25264
Attorneys for Christmas Island Internet
Administration Ltd.

CHRISTMAS ISLAND INTERNET ADMINISTRATION LTD.'S REPLY TO VERISIGN'S OPPOSITION TO MOTION TO INTERVENE WITH SUBJOINED CERTIFICATE OF SERVICE
CAUSE NO. CV02-24111C
Page 5 of 6

BLANK LAW & TECHNOLOGY P.S.
2001 Western Avenue, Suite 250
Seattle, WA 98121
Phone: (206) 256-9699
Fax: (206) 256-9899

# SUBJOINED CERTIFICATE OF SERVICE

I, **MARK D. WALTERS**, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, King County, Washington, and my business address is BLANK LAW & TECHNOLOGY, P.S., 2001 Western Avenue, Suite 250, Seattle, Washington 98121.

I caused the attached Christmas Island Internet Administration Ltd.'s Reply to VeriSign's Opposition to Motion to Intervene to be served on this Honorable Court via electronic filing, and on the following attorneys via the Court's electronic filing system:

| | |
|---|---|
| Mr. Derek A. Newman and Roger Townsend<br>NEWMAN & NEWMAN, LLP<br>505 Fifth Avenue South, Suite 610<br>Seattle, Washington 98104<br>Counsel for Plaintiff, Brian C. Cartmell<br><br>Phone: 206.274.2800<br>Fax:   206.274.2801 | Mr. John Neeleman<br>Lane Powell PC<br>1420 Fifth Ave, Suite 4100<br>Seattle, Washington  98101-2338<br>Counsel for Defendant, Verisign, Inc.<br><br>Phone: 206.223.7000<br>Fax:   206.223.7107 |

Dated this 5th day of May, 2005.

    /s/ Mark D. Walters
    MARK D. WALTERS

CHRISTMAS ISLAND INTERNET ADMINISTRATION LTD.'S REPLY TO VERISIGN'S OPPOSITION TO MOTION TO INTERVENE WITH SUBJOINED CERTIFICATE OF SERVICE
CAUSE NO. CV02-24111C
Page 6 of 6

BLANK LAW & TECHNOLOGY P.S.
2001 Western Avenue, Suite 250
Seattle, WA 98121
Phone: (206) 256-9699
Fax: (206) 256-9899