UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN R. CARTMELL, an individual; and as attorney-in-fact and agent acting on behalf of the shareholder REPRESENTATIVE for the former eNIC Corporation shareholders,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC.,<br><br>Defendant. | CASE NO. C02-2411C<br><br>ORDER |

This matter comes before the Court on Defendant VeriSign's Motion for Order Compelling Compliance with Subpoena to Newman & Newman ("N&N") (Dkt. No. 67) and Christmas Island Internet Administration Ltd.'s ("CIIA's") Motion for Leave to Intervene for Limited Purpose of Objecting to Subpoena (Dkt. No. 76). The Court has carefully considered the papers submitted by the parties and has determined that oral argument is unnecessary. For the following reasons, the Court hereby DENIES Defendant's motion and STRIKES CIIA's motion as moot.

I. BACKGROUND

Defendant seeks an order compelling Plaintiff's counsel, Newman & Newman, to comply with a subpoena served on March 8, 2005. The subpoena requests that counsel from N&N be deposed

ORDER – 1

regarding work they completed on behalf of their clients, including CIIA, related to the <.cx> ccTLD. The subpoena also requests that N&N produce several categories of documents related to the <.cx> ccTLD. Defendant asserts that this information will demonstrate that Plaintiff was aware of the negotiations between CIIA, the Internet Corporation for Assigned Names and Numbers ("ICANN"), and the Australian government, and therefore knew that ICANN would require a memorandum of understanding with the government of Australia regarding the <.cc> ccTLD.

N&N objected to the subpoena, and counsel conducted a Fed. R. Civ. P. 37 conference on March 21, 2005. On March 31, 2005, Defendant filed the current Motion to Compel. CIIA then moved to intervene for the sole purpose of objecting to the subpoena.

II. DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

*A. Deposition of Opposing Counsel*

A party seeking to depose counsel for an opposing party must show that: (1) no other means exist to obtain the information, (2) the information sought is non-privileged and relevant, and (3) the information is critical to the preparation of the case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Defendant argues that *Shelton* does not apply to the subpoena at issue because counsel at N&N will be deposed in their capacity as CIIA's counsel rather than as Plaintiff's counsel. The Court finds this argument to be without merit. N&N's representation of CIIA does not negate the fact that the firm is opposing counsel in this matter. Thus, the Court considers whether Defendant has made the requisite showings pursuant to *Shelton*.

Under *Shelton*, prior to deposing opposing counsel, a party must show that it is unable to obtain the information that is the subject of the subpoena from another source. *Id.* Defendant has not shown that it is unable to obtain the requested information from ICANN or the governments of Australia and the Christmas Islands. The fact that N&N is located in Seattle, and therefore is a more convenient source of the information than foreign governments, does not excuse Defendant from approaching these alternative sources prior to seeking to depose N&N. Further, Defendant has neither attempted to depose any

ORDER – 2

representative of CIIA, other than Garth Miller, nor explained why it was unable to depose Miller during the two days he made himself available in Seattle. Accordingly, the Court finds that Defendant has not made the required showing to warrant an order compelling counsel at N&N to be deposed.[1]

*B. Production of Documents and Communications*

Defendant also requests that N&N produce seven broad categories of documents and communications related to the <.cx> ccTLD. Based on the pleadings before it, the Court cannot determine whether the communications and documents Defendant requests are not protected by the attorney-client privilege and are relevant to the underlying action. Given the nature of the documents Defendant seeks, however, it is likely that many of them are privileged, not relevant, or both. Further, many of the documents Defendant requests are available from other sources including CIIA, ICANN, and the governments of Australia and the Christmas Islands.

Defendant has seven months remaining before the discovery cut-off date in which to seek this information from other sources, narrow the scope of information it requests from N&N, and, if necessary, present the Court with arguments as to why specific documents are relevant and not subject to the attorney-client privilege. Accordingly, the Court finds that an order compelling N&N's compliance with the current subpoena is not warranted and hereby DENIES Defendant's motion.

III. ADDITIONAL MOTIONS

CIIA seeks leave to intervene in this action for the sole purpose of opposing Defendant's Motion to Compel. The Court has denied Defendant's motion and therefore hereby STRIKES CIIA's Motion to Intervene as moot.

Additionally, the Court DENIES the requests of both parties for attorney's fees associated with this motion.

---

[1] The Court declines to reach the question of whether the information Defendant seeks through depositions of counsel at N&N fulfills the other requirements of *Shelton*; namely, that it is relevant, non-privileged, and critical to this action.

ORDER – 3

1   SO ORDERED this  19th  day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

26   ORDER – 4