1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

BRIAN R. CARTMELL, an individual; and as
attorney-in-fact and agent acting on behalf of the
shareholder REPRESENTATIVE for the former
eNIC Corporation shareholders,

               Plaintiff,

     v.

VERISIGN, INC.,

               Defendant.

CASE NO. C02-2411C

ORDER

17

18

19

20

     This matter comes before the Court on Plaintiffs' Motion for Prejudgment and Postjudgment Interest (Dkt. No. 97). The Court has carefully considered the papers submitted by the parties and has determined that oral argument is unnecessary. For the following reasons, the Court hereby GRANTS Plaintiffs' motion IN PART, as modified herein.

21

**I. BACKGROUND**

22

23

24

25

26

     In its order granting Plaintiffs' motion for partial summary judgment, the Court awarded Plaintiffs (collectively) $203,125 as damages for Defendant's breach of certain terms in the merger agreement between Defendant VeriSign and eNIC Corporation – the shareholders of which are now Plaintiffs. In that order, the Court deferred Plaintiffs' request for prejudgment and postjudgment interest on the

ORDER – 1

1  damages award, instead requesting that the parties brief the issue separately.  With that briefing now

2  complete, the Court rules and orders as follows.

3  **II.  PLAINTIFF'S MOTION FOR PREJUDGMENT AND POSTJUDGMENT INTEREST**

4         **A.  Calculation of Prejudgment Interest**

5         The parties agree that prejudgment and postjudgment interest is appropriate under Delaware law[1]

6  in this case, but disagree as to the proper method of calculating that interest and resulting totals.  Indeed,

7  Delaware law is clear that prejudgment interest is available as of right so long as the victorious party

8  requests it.  *See Chrysler Corp. v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1037 (Del. 2003).  The

9  parties further agree that prejudgment interest began accruing on November 7, 2002 and stopped on June

10  23, 2005, the day the Court entered judgment on Plaintiffs' partial summary judgment motion.  From

11  there, however, the parties disagree on three points: (1) the applicable interest rate, (2) whether to set

12  that rate constant as of the day of the breach, and (3) whether to compound the interest.

13         As to the applicable interest rate, the parties agree that Delaware Code title 6, section 2301(a)

14  calls for a rate of "5% over the Federal Reserve discount rate," but disagree as to the proper definition of

15  the "discount rate" to be applied.  Plaintiffs claim that the "discount rate" is synonymous with the "federal

16  funds rate," but in fact those are two distinct rates set by the Board of Governors of the Federal Reserve.

17  *See* JOHN DOWNES & JORDAN ELLIOT GOODMAN, BARRON'S DICTIONARY OF FIN. & INV. TERMS 181,

18  241 (6th ed. 2003).  Moreover, the Delaware code specifically references the discount rate DEL. CODE

19  ANN. tit. 6, § 2301.  Accordingly, the Court finds that the appropriate prejudgment interest rate in this

20  case is calculated using the Federal Reserve's discount rate.

21         Second, Defendant is correct that the appropriate rate of prejudgment interest is the discount rate

22  "as of the time from which interest is due."  DEL. CODE ANN. tit. 6, § 2301; *see also Watkins v. Beatrice*

23  *Cos.*, 560 A.2d 1016, 1023 (Del. 1989) (interpreting section 2301 to call for interest rate to be set as of

24  _____

25         [1] Under section 13.1 of the merger agreement between the parties, Delaware law controls this
   dispute and all others arising under that agreement.

26  ORDER – 2

1   "the date both of the conditions precedent to [corporation's] obligation had been fulfilled thereby giving

2   rise to the stockholders' right to collect [monies due]."). As noted above, the parties agree that

3   Defendant's obligation to pay interest began on November 7, 2002; on that date the discount rate was

4   0.75%. *See* Minutes of Federal Reserve Board of Governors 4-5, Nov. 4, 2005 (setting discount rate

5   effective Nov. 2, 2005), http://www.federalreserve.gov/boarddocs/press/monetary/2002/

6   20021223/attachment.pdf.

7          Applying these two findings, the Court finds that the appropriate rate of prejudgment interest is

8   the Federal Reserve's discount rate in effect as of November 7, 2002 (0.75%) plus the 5% increment

9   called for in section 2301, for a total rate of 5.75% over the entire period of November 7, 2002 to June

10  23, 2005.

11         Finally, the Court finds that although compound interest may have been traditionally disfavored

12  under Delaware law, *see, e.g.*, *Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403, 410 (Del.

13  1988), the modern view of the Delaware courts appears to be that compounding prejudgment interest is

14  an acceptable exercise of the trial court's discretion. In fact, the Delaware Supreme Court has stated that

15  the "rule or practice of awarding simple interest, in this day and age, has nothing to commend it – except

16  that it has always been done that way in the past." *Gotham Partners, L.P. v. Hallwood Realty Partners,*

17  *L.P.*, 817 A.2d 160, 173 (Del. 2002). The Court finds that compounding Plaintiffs' prejudgment interest

18  will serve the interests of fairness in this case.

19         Accordingly, the Court finds that prejudgment interest should be calculated using a base rate of

20  5.75% compounded from November 7, 2002 through June 23, 2005. Compounding the original principal

21  of $203,125 annually at 5.75% for the approximately 2.63 year-period at issue (959 total days divided by

22  365.25 to account for leap years), the appropriate amount of prejudgment interest is $32,175.

23         For these reasons, the Court awards Plaintiffs a total of $32,175 in prejudgment interest.

24  **B.  Calculation of Postjudgment Interest**

25         The parties agree that an award of postjudgment interest is authorized by 28 U.S.C. § 1961(a),

26  ORDER – 3

1    which calls for a rate "equal to the weekly average 1-year constant maturity Treasury yield . . . for the

2    calendar week preceding" the date of judgment.  The Court agrees with and accepts Plaintiffs' formula

3    for calculating post-judgment interest: 3.3% weekly average 1-year constant Treasury yield as of the

4    week ending on June 17, 2005, pro-rated on a daily basis going forward from June 23, 2005.  However,

5    as noted above, the Court begins this calculation from a principal balance of $235,300 ($203,125 award

6    plus $32,175 in prejudgment interest) multiplied by 3.3% and then divided by 365.25 for a daily accrual

7    of $21.26.

8          Because the Court requested additional briefing on the issue of interest, fairness requires that

9    Defendant not be required to pay postjudgment interest for the interlude between the Court's order

10   granting partial summary judgment and the date of this order.  However, for each day following the entry

11   of this order until final and full payment, Defendant will owe an additional $21.26 to be added to the total

12   award (in the manner described below).

13        **C.  Disposition of Funds**

14          Finally, Defendants argue that there is some uncertainty as to whom they should remit payment of

15   the total award.  Specifically, Defendant points out that Brian Cartmell is a captioned as plaintiff both in

16   his individual capacity and as "attorney in fact and agent acting on behalf of the shareholder

17   representative."[2]  This ungainly title results from Cartmell's status as a shareholder of the now-acquired

18   eNIC Corporation, and by the effect of an indemnification agreement signed in 2003 between Cartmell

19   and Bart Mackay.  Under the merger agreement, Mackay was "elected" shareholder representative by

20   virtue of the shareholders' approval of the merger; Mackay then assigned the title of "shareholder

21   representative" to Cartmell in the indemnification agreement.  Cartmell points the Court past this

22   labyrinthine progression of election and delegation, arguing that because he held 67% of all outstanding

23

24          [2] The Court rejects Plaintiffs' argument that Defendant waived its arguments as to the proper
     recipient of the damages award.  Defendant fairly raised the question of to whom it should make payment
25   only after the Court established Defendant's duty to pay.

26   ORDER – 4

1  eNIC shares as of the merger date, a supermajority of eNIC's outstanding shares have approved of

2  Cartmell assuming Mackay's role as agent and shareholder representative.

3        Given the fact that the total award in this matter is to be distributed to all shareholders of eNIC on

4  the record date, Defendant fairly asks whether it will have protection from claims by minority

5  shareholders who do not receive their pro rata share of the award from Cartmell.  The Court agrees that

6  some measure of certainty is in order for Defendant and especially for the minority shareholders.  *Cf.*

7  *Rosser v. New Valley Corp.*, No. Civ. A. 17272-NC, 2005 WL 1364624, at *5 &  n.25 (Del. Ch. May 27,

8  2005) (noting procedural protections due minority shareholders in merger context).  Accordingly, the

9  Court ORDERS that Defendant remit payment of the total award to Plaintiffs' counsel, Newman &

10  Newman, to be held in trust until such time as the amount is distributed pro rata to each of the eNIC

11  shareholders on the date of the merger with VeriSign.

12  **III.  CONCLUSION**

13        In sum, the Court ORDERS that Defendant pay $32,175 in prejudgment interest incremental to

14  the original award of $203,125.  The Court further ORDERS that for each calendar day following the

15  date of entry of this order until final and full payment, Defendant shall pay an additional $21.26.  The

16  Court further ORDERS that Defendant make the total payment of $235,300 (plus postjudgment interest,

17  as appropriate) to Plaintiffs' counsel, Newman & Newman LLP, to be distributed pro rata to all eNIC

18  shareholders in a manner consistent with the Merger Agreement between eNIC and Defendant.  The

19  Court further ORDERS that Newman & Newman LLP submit a status report within 60 days of the date

20  of this order describing the status of distributions to the Plaintiffs.

21        SO ORDERED this 13th day of September, 2005.

22

23

24                                              UNITED STATES DISTRICT JUDGE

25

26  ORDER – 5