UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN R. CARTMELL, et al.,

    Plaintiffs,

v.

VERISIGN, INC.,

    Defendant.

CASE NO. C02-2411C

ORDER

This matter comes before the Court on the Plaintiffs' Motion for Relief From the Expert Disclosure Deadline and Ten Deposition Limit (Dkt. No. 108). Having reviewed the materials submitted by the parties and finding oral argument is unnecessary, the Court GRANTS the motion for the reasons set forth below.

**I.   Relief from the Expert Disclosure Deadline**

*A.   Background*

On November 5, 2004, following the resolution of an appeal, the parties filed a "Stipulation and [Proposed] Order Lifting Stay and Revising Case Schedule," which included deadlines to govern the case's revised schedule. (Dkt. No. 44.) According to this stipulation, the deadline for the disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2) was listed as June 1, 2005. (*Id*. 2.) On November 8,

ORDER – 1

2004 the Court ruled on the parties' stipulation and proposed order by entering a Minute Order lifting the stay. (Dkt. No. 45.) The Court's Order contained dates scheduling when trial is to start, when mediation is to be completed, when pretrial orders are to be lodged, and when trial briefs must be submitted. (*Id.*) The Minute Order did not expressly adopt the parties' stipulated deadlines, and some of the deadlines in the Minute Order differed from the parties' proposed deadlines. Specifically, the proposed order set the mediation deadline as December 15, 2005 while the Court's Order set it as October 1, 2005; and the proposed order set the deadline for trial briefs as March 15, 2005 while the Court's Order set the deadline as March 3, 2005.

On July 15, 2005, Plaintiffs identified their proposed experts and provided the experts' *curricula vitae* to VeriSign's counsel. (Pls.' Mot. 4.) It was not until August 9, 2005 that VeriSign informed Plaintiffs of its position that the deadline for disclosure of expert testimony was June 1, 2005, and that Plaintiffs were therefore barred from presenting expert testimony under Rule 26(a)(2). (*Id.* 4–5.) The parties conferred on August 18, 2005 and discussed the relief requested by the Plaintiffs. (*Id.* 8.) Despite concessions by the Plaintiffs on other deadlines, the parties could not agree to resolve this dispute.[1]

*B.    Analysis*

Plaintiffs first request relief from the June 1, 2005 expert testimony disclosure deadline asserted by VeriSign. Plaintiffs argue that the expert testimony disclosure deadline is not until January 10, 2005, which is ninety days before trial as provided in Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2)(C). VeriSign responds that the Court intended the pretrial schedule to be set by the schedule in the parties' stipulation and proposed order. VeriSign's assertion is ill-founded for several reasons.

First, the November 8, 2004 Order does not specifically adopt the parties' deadlines listed in their stipulation and proposed order. (Nov. 8, 2004 Minute Order 1.) The only deadlines the Court referenced in its Order pertained to the start of trial, the completion of mediation, the lodging of pretrial

---

[1] The Court hereby GRANTS VeriSign's motion for an extension of time (Dkt. No. 111), and finds that both VeriSign's opposition brief and Plaintiff's reply brief were timely filed.

ORDER – 2

orders, and the submission of trial briefs. (*Id.*) The Court did not explicitly adopt the parties' stipulated deadlines; therefore, those deadlines are inoperative. *Caraballo v. Lykes Bros. S.S. Co.*, 212 F. Supp. 216, 221 (E.D. Pa. 1962) (stipulations made without approval of the court are ineffective).

Second, the Court did not adopt the discovery schedule set out in the parties' proposed order by mere inference. In its May 19, 2005 Order denying VeriSign's motion to compel, the Court noted that the deadline for completing discovery is in December 2005. (May 19, 2005 Order 3.) VeriSign argues that because the proposed order submitted by the parties listed the deadline for completing discovery as December 15, 2005, the Court's reference to this deadline shows it has adopted the parties' schedule. However, this reference by the Court does not evidence its adoption of the parties' schedule because under Local Rule 16(f), unless otherwise ordered by the court, discovery is to end 120 days before trial. Trial is set for April 10, 2006, so the discovery deadline under Local Rule 16(f) is in December 2005. Therefore the Court's reference to discovery ending in December 2005 does not evidence its inferential adoption of the parties' proposed schedule.

Third, the Court did not adopt the parties' schedule by acting consistent with it. In fact, several of the deadlines set by the Court differed from those in the parties' schedule: for example, the parties stipulated that mediation was to be held no later than December 15, 2005 (Stip. and Prop. Order 2), while the Court ordered mediation to be completed by October 21, 2005 (Nov. 8, 2005 Order 1); and the parties stipulated that trial briefs would be due by March 15, 2006 (Stip. and Prop. Order 2), while the Court ordered trial briefs to be filed by March 3, 2005 (Nov. 8, 2005 Order 1). *Cf. FDIC v. Stahl*, 89 F.3d 1510, 1520–21 (11th Cir. 1996) (district court effectively adopted pretrial stipulation by conducting trial proceedings consistent with it). Therefore, because the Court set deadlines different from those in the parties' stipulation and proposed order, the Court could not have implicitly adopted the parties' schedule by acting consistent with it.

ORDER – 3

Finally, VeriSign has not alleged that it will be prejudiced by setting the expert disclosure deadline as January 10, 2005. (Pls.' Reply 3–4.) There is still ample time between now and the December discovery cut-off for VeriSign to depose Plaintiffs' expert witnesses.

For these reasons the Plaintiffs' motion for relief from the expert testimony deadline asserted by VeriSign is GRANTED. The Court orders the disclosure of expert testimony under Rule 26(a)(2) to be completed by January 10, 2006, ninety days before trial.

**II.    Relief from Ten Deposition Limit**

Plaintiffs next request relief from the limit of ten depositions. Under Rule 30, a party must obtain leave of the court to take more than ten depositions, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2). *See* FED. R. CIV. P. 30(a)(2)(A). Under Rule 26(b)(2), discovery shall be limited if the court determines that (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity in discovery to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)

VeriSign argues that a substantial burden will be imposed upon it by allowing Plaintiffs to take five additional depositions. (Def. Opp'n 12–13; Neeleman Decl. ¶¶ 15 and 18.) However, Plaintiffs will burdened just the same, if not more so than VeriSign in traveling to attend the additional depositions. Plaintiffs' willingness to depose these witnesses in light of the travel burdens shows that at this stage the burden of the additional depositions is not believed to outweigh their benefit. The additional witnesses' relevance and possession of discoverable information is further evidenced by VeriSign's initial disclosure designating a total of eleven witnesses likely to have discoverable information (Pls.' Mot. 8.), and Plaintiffs' belief that six additional witnesses may have discoverable information essential to the outcome of this case. (*Id.* 9–10.)

ORDER – 4

Under these circumstances, the Court finds that the additional depositions can be taken consistent with Rule 26(b)(2) because the additional depositions "will not result in 'unreasonably cumulative or duplicative' testimony" or "an undue burden to VeriSign." For all of the above reasons, Plaintiffs' request to take five additional depositions is GRANTED.

In sum, it is hereby ORDERED:

1. Plaintiffs' request for relief from the expert testimony disclosure deadline asserted by the Defendant is GRANTED.

2. Disclosure of expert testimony as required by Fed. R. Civ. P. 26(a)(2) shall be completed by January 10, 2006.

3. Plaintiffs' request to take five additional depositions is GRANTED.

SO ORDERED this 25th day of October, 2005.

*/s/ John C. Coughenour*

UNITED STATES DISTRICT JUDGE

ORDER – 5